IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESHED ALSTON and PAMELA ALSTON, :
:
      Plaintiffs, :
:
v. : Civ. No. 20-994-LPS
:
KENT COUNTY LEVY COURT AND :
DEPARTMENT OF PLANNING :
SERVICES, et al., :
:
      Defendants. :

EShed Alston and Pamela Alston, Dover, Delaware, Pro Se Plaintiffs.

Scott G. Wilcox, Esquire, Moore & Rutt, PA, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 28, 2022
Wilmington, Delaware

**STARK, U.S. Circuit Judge:**

I.   **INTRODUCTION**

Plaintiffs EShed Alston and Pamela Alston ("Plaintiffs"), who proceed *pro se*, commenced this action on July 27, 2020. (D.I. 1) Before the Court is Defendants' motion to dismiss and Plaintiffs' request for immediate stay of proceedings. (D.I. 13, 31)

II.   **BACKGROUND**

The Complaint alleges Defendants violated the First, Fourth Fifth, and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and numerous state and federal criminal statutes. (D.I. 1, 3, 4) Named defendants include the Kent County Levy Court and Department of Planning Services ("Kent County"), Kent County Levy Court President Brooks Banta ("Banta"), Sarah Keifer AICP (Keifer"), Chief Code Administrator Scott Tanner ("Tanner"), and Code Enforcement Constable Robert Silvagni ("Silvagni") (together, "Kent County Defendants").

While difficult to discern, it appears Plaintiffs filed this action in response to an inspection of their property by Silvagni, who found several Kent County ordinance violations. (*See* D.I. 1-1 at 5-6) The inspection notice, dated July 16, 2020, advised Plaintiffs that the "violations must be corrected immediately" and provided deadlines for doing so. (*Id.*) The notice warned Plaintiffs that "failure to comply with Kent Count requirements promptly will result in legal action by this Department." (*Id.*) Plaintiffs commenced this action on July 27, 2020. They seek $42 million dollars in compensatory damages.

Defendants seek dismissal for lack of subject matter jurisdiction and for failure to state claims upon which relief can be granted. (D.I. 13) Plaintiffs oppose. Plaintiffs also move for immediate stay of two proceedings apparently filed in this court. (D.I. 31)

1

### III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Criminal Charges

The Complaint mostly alleges violations of state and federal criminal statutes. (D.I. 1 at 1, 2, 4, 5, 6, 7, 10, 12, 13) To the extent Plaintiffs seek to impose criminal liability on Defendants, they lack standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, the motion to dismiss these claims will be granted.

### B. Deficient Pleadings

The Complaint also alleges "unconstitutional misconduct in circumvention of the First, Fourth, Fifth, and Fourteenth Amendments," race discrimination in violation of the Civil Rights Act of 1964, and violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. (D.I. 1 at 1, 2, 3, 10, 12, 14) A complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 129 S.Ct. at 1949.

Plaintiffs' claims are deficiently pled. For example the Complaint does not allege discrimination based on a contract or a property transaction, as required to state a claim under 42 U.S.C. § 1981. The Complaint makes passing references to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 without adequately alleging how Defendants violated the statutes. Because the foregoing claims do not meet the pleading requirements of *Iqbal* and *Twombly*, the Court will grant Moving Defendants' motion to dismiss these claim. While it appears unlikely that Plaintiffs will be able to cure the pleading defects, they will be given leave to amend the claims they attempted to raise under 42 U.S.C. §§ 1981, 1985, 1986, and 1988.

Finally, the Court will deny Plaintiffs' motion for an immediate stay. (D.I. 31) Plaintiffs refer to a medical emergency, but do not identify it. They wish to stop the judicial proceedings without a real explanation. Therefore, the motion will be denied.

### V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 13); (2) give Plaintiffs leave to amend claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; and (3) deny Plaintiff's motion for immediate stay (D.I. 31). An appropriate order will be entered.